■ MARY SALVEMINI, Appellant, v MAIMONIDES MEDICAL CENTER, Respondent, et al., Defendants. (Action No. 1.) MARY SALVEMINI, Appellant, v MAIMONIDES MEDICAL CENTER, Respondent, et al., Defendants. (Action No. 2.) [727 NYS2d 635] —In two actions, *inter alia,* to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Levine, J.), dated October 20, 2000, which granted the separate branches of the motion of the defendant Maimonides Medical Center which were pursuant to CPLR 3215 (c) to dismiss the complaint in Action No. 1 insofar as asserted against it on the ground that she failed to timely move for a default judgment against that defendant, and pursuant to CPLR 3211 (a) (5) to dismiss the complaint in Action No. 2 insofar as asserted against it as barred by the Statute of Limitations.

Ordered that the order is affirmed, without costs or disbursements.

The appellant's decedent died on April 21, 1997, while under

the care of the defendant physicians and while admitted to the respondent Maimonides Medical Center (hereinafter Maimonides). In October 1998 the appellant commenced an action under Index No. 36093/98 (hereinafter Action No. 1) to recover damages for wrongful death and medical malpractice, naming the physicians and Maimonides as defendants. In February 1999 the appellant contacted Maimonides seeking an answer to the complaint. Maimonides claimed that it had never been served. The appellant's process server claimed that Maimonides was served at the proper address, although the affidavit of service listed an incorrect address. Nine months later, the appellant commenced a new action under Index No. 47258/99 (hereinafter Action No. 2) against the same defendants. Maimonides subsequently moved pursuant to CPLR 3215 (c) to dismiss the complaint in Action No. 1 insofar as asserted against it and pursuant to CPLR 3211 (a) (5) to dismiss the complaint in Action No. 2 insofar as asserted against it. The Supreme Court granted the motion in its entirety.

CPLR 3215 (c) provides in relevant part that the court shall dismiss a complaint as abandoned if a plaintiff fails to take proceedings for the entry of a judgment within one year after a defendant has failed to appear, plead, or proceed to trial on an action (*see also,* CPLR 3215 [a]). The appellant contends that CPLR 3215 (c) is applicable only where a defendant has been properly served and has defaulted in answering. If service was not properly effected on Maimonides, the appellant contends, there was no default.

Whether Maimonides was properly served cannot be determined from the record. Under the circumstances of this case, no purpose would be served by remitting the matter for a hearing to determine whether service was proper. If service was not properly effected, then the complaint insofar as asserted against Maimonides would be dismissed for lack of personal jurisdiction. If Maimonides was properly served, then dismissal pursuant to CPLR 3215 (c) would be warranted.

Since Action No. 2 was not commenced within the 2½-year limitations period applicable to medical malpractice actions, the Supreme Court properly dismissed the complaint in that action insofar as asserted against Maimonides (*see,* CPLR 214-a).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Altman, McGinity and H. Miller, JJ., concur.